(Licking Common Pleas, April Term, 1897.)

## MICHAEL FRIEDNOUR v. BARBARA FRIEDNOUR ET AL.

*Title to property conveyed under a will partly destroyed—*

While the presumption is, in the absence of other showing, that a man leaves his property to his heirs equally, yet, in the case at bar, the will having been partly destroyed by fire and remaining portions seeming to bequeath the property to the widow, a deed from her to the eldest son, drawn by a lawyer who made an examination of the will before it was partly destroyed, prior to making the deed, is sufficient to establish title in such eldest son.

JONES, J.

The case of *Michael Friednour v. Barbara Friednour et al.* is submitted to the court upon the pleadings and the testimony. It is a suit brought by Michael Friednour against Barbara Friednour and others, being the heirs of his father, to quiet his title in a lot at Lockport, West Newark. He alleges that he is in possession, and that the defendants claim title to the lot, or some title to it, inconsistent with his title; alleges that he has title to it.

It is alleged here that the father of Michael Friednour died and left a will; and, on the part of the defendants, that the will was that this land should go to the widow of the elder Friednour, during her lifetime, and afterwards be equally divided. It happened that in the burning of the court house, in 1875, this will and the record were destroyed. A copy of the will is presented here, excepting that one paragraph, or the most of one paragraph, is not with it. That paragraph is the one that provides for a division of this estate some way. There is a part of the paragraph here, that gives part of the estate to the widow, and, so far as that part of it which is here is concerned, it seems that she has it absolutely; but the portion of the paragraph that is gone might qualify that estate of hers, and it would not be inconsistent with what is here if the estate was qualified to a life estate, and, so far as the context and writing are concerned, would be perfectly natural, and would come in that way.

What is to be done with the estate after her decease, or if there is any other provision made with relation to this real estate, nobody can tell from the portions of this will that are presented.

Tennel Buehler, a witness, testifies that he was a witness to the will; that it was read, and it provided that the widow should hold the real estate during her life, and that after- wards it should be divided equally among the heirs. Mr. Dennis wrote the will and was present at the time. Mr. Dennis does not know anything about what the will contained. He does not remember. He remembers making this deed from the widow to Michael Friednour, her son, for this lot. He remembers requiring the will to be brought to his office before he drew the deed, presumably to see what title the widow had, and he remembers that after that he drew this deed. While I think the presumption, in the absence of any other showing, is that a man leaves his property to his heirs equally, yet, in the state of the proof, without knowing what the will does provide, except that a large part of this paragraph seems to leave it to the widow, the fact that Michael Friednour is in possession, the fact that Mr. Dennis drew this deed after looking at the will—while that may not be the proper way of proving the matter, it has some influence upon court; and I cannot say, from this testimony, but that Michael Friednour is the owner of this land, against the claim of these other children.

I have a suspicion that injustice is done by this decision, but I see no other way of deciding it, and the decree may be taken accordingly,

*S. L. James,* for Plaintiff.

*Fulton & Fulton,* for Defendant.